**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **AMSURG EC WASHINGTON, INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 1:23-cv-02416** |
| | ) | |
| **MGG GROUP COMPANY, INC.,** | ) | |
| **DISTRICT ENDOSCOPY CENTER LLC,** | ) | |
| **Michael L. Weinstein, M.D.,** | ) | |
| **Dominique Howard, M.D., and** | ) | |
| **Ramsey Daher, M.D.** | ) | |
| | ) | |
| **Defendants.** | ) | |

# PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

Pursuant to Rule 65(a) of the Federal Rules of Civil Procedure, Plaintiff AmSurg EC Washington, Inc. ("AmSurg") hereby moves for a preliminary injunction prohibiting Defendants MGG Group Company, Inc. ("MGG Group"), District Endoscopy Center LLC ("District Endoscopy"), Michael L. Weinstein, M.D., Dominique Howard, M.D., Ramsey Daher, M.D., and MGG Group's shareholders and subsidiaries, including without limitation, Friendship Heights Endoscopy ASC LLC (collectively, the "MGG Group Parties") from directly or indirectly owning or engaging in any further efforts to develop, build, license, or operate any ambulatory surgery center ("ASC") within the District of Columbia or Chevy Chase or Bethesda, Maryland, and from any other action that is contrary to their contractual obligations to AmSurg. As set forth in Plaintiff's Memorandum in Support of Its Motion for Preliminary Injunction, the requested relief is necessary and appropriate to maintain the status quo pending final resolution of this litigation and to avoid irreparable harm to AmSurg.

***First***, based on the Complaint and supporting exhibits, the Memorandum in Support of this Motion for a Preliminary Injunction, as well as the contemporaneously filed declarations, AmSurg is likely to succeed on the merits of its claim for breach of contract. Indeed, Defendants have admitted to owning and developing new competing ASCs within both the District of Columbia and Chevy Chase, Maryland, which is expressly prohibited by Section 9.3 of the parties' partnership agreement.

***Second***, AmSurg will suffer immediate and irreparable harm if relief is not granted. The MGG Group Parties' development and ownership of new competing ASCs will damage AmSurg's business and patient relationships. And, the MGG Group Parties' inevitable use of confidential and proprietary business information they have obtained from AmSurg for the benefit of their competing ASCs will give the MGG Group Parties an unfair competitive advantage and cause serious economic harm to AmSurg.

***Third***, the balance of equities favors a preliminary injunction, as no harm will be caused to the MGG Group Parties by enforcing clear contractual obligations. Finally, the requested injunction benefits the public interest by preventing businesses and individuals from the misuse of confidential information and from unfair competition in the marketplace.

For these reasons, and the reasons set out in the accompanying Memorandum, AmSurg respectfully requests that this Court grant a preliminary injunction prohibiting the MGG Group Parties from directly or indirectly owning or engaging in any further efforts to develop, build, license, or operate any ASC within the District of Columbia or Chevy Chase or Bethesda, Maryland, and from any other action that is contrary to their contractual obligations to AmSurg.

**DATED** this 8th day of April, 2024.

Respectfully submitted,

*/s/ Brian R. Iverson*
Brian R. Iverson (D.C. Bar No. 1012843)
**BASS, BERRY & SIMS PLC**
1201 Pennsylvania Avenue NW, Suite 300
Washington, D.C. 20004
(202) 827-2950
biverson@bassberry.com

W. Brantley Phillips, Jr. (admitted *pro hac vice*)
Matthew J. Sinback (admitted *pro hac vice*)
Sara K. Morgan (admitted *pro hac vice*)
**BASS, BERRY & SIMS PLC**
150 Third Avenue South, Suite 2800
Nashville, Tennessee 37201
(615) 742-6200
bphillips@bassberry.com
msinback@bassberry.com
sara.morgan@bassberry.com

*Counsel for AmSurg EC Washington, Inc.*

**Local Civil Rule 7(m) Statement**

Pursuant to Local Civil Rule 7(m), counsel for Plaintiff conferred with counsel for Defendants regarding Plaintiff's Motion for Preliminary Injunction. Defendants' counsel stated: "Our clients object to the preliminary injunction motion."

**CERTIFICATE OF SERVICE**

I hereby certify that a true and exact copy of the foregoing has been served on the following counsel via the Court's CM/ECF email notification system and to all counsel who have entered an appearance:

Laurin H. Mills
Brian P. Donnelly
**WERTHER & MILLS LLC**
800 Connecticut Avenue, Suite 300
Washington, DC 20006
(202) 599-5006
Laurin@werthermills.com
bdonnelly@werthermills.com

*/s/ Brian R. Iverson*